IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM R. KANE,<br><br>      Plaintiff,<br><br>v.<br><br>VENERIO SANTOS, LISA KREBS,<br>REBECCA JO PICKETT, and<br>LISA SCHUKAR,<br><br>      Defendants. | Case No. 17-CV-01054-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 76), which recommends that the Motion for Summary Judgment ("MSJ") for failure to exhaust administrative remedies as to timeliness filed by Defendants Venerio Santos, Rebecca Jo Pickett, and Lisa Schukar be denied and the MSJ for failure to exhaust administrative remedies as to identity filed by Defendant Lisa Krebs be granted. The Report and Recommendation was entered on September 12, 2019. Defendants Santos, Pickett, and Schukar filed a timely objection to the Report and Recommendation on September 26, 2019 (Doc. 77).

### BACKGROUND

On September 29, 2017, Plaintiff Adam R. Kane, an inmate of the Illinois Department of Corrections, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1). On October 8, 2015, Kane underwent surgery to have an abscess removed from his arm

(Doc. 1, p. 4). Kane alleges that Defendants were deliberately indifferent to his medical needs during the surgical procedure *(Doc. 1, p. 7)*. He also claims that Santos, in violation of the Fourteenth Amendment, failed to obtain his consent first before removing the growth (*Id.*)

In October 2018, Defendants filed Motions for Summary Judgment and memoranda in support based on failure to exhaust administrative remedies (Doc. 55-56 and 58-59). Specifically, Defendants Santos, Pickett, Schukar, and Krebs assert that Kane did not timely appeal his first grievance to the grievance officer within 60 days of the incident (Doc. 56, p. 6-7; Doc. 59, p. 6-7). Defendants also assert that Kane failed to properly exhaust his second grievance by failing to submit it within the requisite 60-day timeframe (Doc. 56, p. 8; Doc. 59, p. 7). Separately, Defendant Krebs asserts Kane did not identify her, either by name, description, or position, in the grievances. (Doc. 59, p. 6).

Defendants claim that Kane failed to exhaust his administrative remedies because his grievances were not filed within the proper timeframe and were denied by the Administrative Review Board ("ARB") as untimely. Kane filed his first surgery-related grievance to the counselor on November 18, 2015, within the 60-day period pursuant to Section 504.810(a) (Doc. 56-1, p. 3). On December 9, 2015, the counselor responded to the grievance on the merits *(Id).* After Kane received his counselor's response, however, he appealed directly to the ARB rather than to a grievance officer (Doc. 56-1, p. 2). The ARB noted this mistake and returned the grievance to Kane on January 12, 2016 (*Id).* On February 22, 2016, a grievance officer at Centralia received Kane's grievance, reviewed the merits of the grievance, and recommended that it be denied (Doc. 56-1, p. 16; Doc. 56-

2, p. 11; Doc. 64, p. 14).[1] The timeliness of the grievance was not addressed in the response (*Id.*). The Chief Administrative Officer ("CAO") concurred in the grievance officer's recommendation on March 25, 2016 (*Id.*). Kane appealed the grievance to the ARB again on April 14, 2016, and the ARB declined to offer redress because Kane did not file the grievance within the proper timeframe (Doc. 64, p. 13).

Meanwhile, Kane filed a second grievance on January 4, 2016 (Doc. 56-1, p. 12-14). The counselor denied Kane's second grievance and Kane appealed the grievance counselor's response directly to the ARB (*Id*). The ARB responded on February 11, 2016, indicating no further redress would be provided because the incident was previously addressed, and it occurred more than 60 days before the date the grievance was filed (*Id*).

### THE REPORT AND RECOMMENDATION

Judge Sison recommends granting Defendant Krebs's MSJ and denying the MSJ filed by Defendants Pickett, Santos, and Schukars. Judge Sison found that the first grievance was initially filed within 60 days of the incident, and by later responding to the grievance on the merits after the 60 days had elapsed, officials at Centralia treated it as properly filed (Doc. 76, p. 9). Judge Sison then found that the ARB incorrectly denied Kane's second appeal on that grievance on the basis of its perceived untimeliness (Doc. 76, p. 9). Thus, Judge Sison found that Kane fully exhausted his administrative remedies as to these Defendants without needing to consider whether the January 4, 2016 grievance was fully exhausted (*Id*).

---

[1] Different copies of the Grievance Officer's Report included in the record show that the notation regarding timeliness at the top of the report was not written until the ARB reviewed the report.

On the other hand, Judge Sison found that Kane did not fully exhaust his administrative remedies regarding Krebs (Doc. 76, p. 10). Notably, neither the November 2015 grievance nor the January 2016 grievance mentions Krebs by name or by position (*Id*). Further, Judge Sison stated that there is no information in either grievance that offered the opportunity for any official to address Kane's complaints against Krebs administratively prior to Kane filing suit (*Id*).

**LEGAL STANDARDS**

I. **Summary Judgment**

"Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court considers the facts in a light most favorable to the non-moving party, here, Kane. *Srail v. Vill. Of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009).

II. **PLRA's Exhaustion Requirement**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until *such administrative remedies as are available are exhausted*." *Id.* (emphasis

added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004). A prisoner cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a [prisoner] must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2005). The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole,* 438 F.3d at 809 (citing *Pozo*, 286 F.3d at 1025).

### III.    Exhaustion Requirement under Illinois Law

The contours of the exhaustion requirement are set by each state's prison grievance system, so the Court turns to Illinois law for the procedures relevant to the instant motion. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). As an inmate confined within the Illinois Department of Corrections, Kane was required to follow the regulations contained in the Illinois Administrative Code's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. 20 ILL. ADMIN. CODE § 504.800 *et seq.* The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. 20 ILL. ADMIN. CODE § 504.810(a). The

grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate along with reporting his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(a), (e). The CAO "shall review the findings and recommendation and advise the offender of his or her decision in writing." 20 ILL. ADMIN. CODE § 504.830(e).

If the inmate is not satisfied with the CAO's response, he or she can file an appeal with the Director through the ARB. The grievance procedures specifically state, "[i]f, after receiving the response of the [CAO], the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the [ARB] within 30 days after the date of the decision." 20 ILL. ADMIN. CODE § 504.850(a). The inmate shall attach copies of the grievance officer's report and the CAO's decision to his appeal. *Id.* "The [ARB] shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the

grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20. ILL. ADMIN. CODE § 504.850(e).

## DISCUSSION

Here, Defendants filed a timely objection to the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Jackson v. United States*, 859 F.3d 495, 498 (7th Cir. 2017). This requires the Court to look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." 28 U.S.C. § 636(b)(1).

Defendants Pickett, Santos, and Schukar object to Judge Sison's conclusion that Kane properly exhausted his claims against them (Doc. 77, p. 2). Specifically, they object to the finding that a grievance officer's response treated the first grievance as properly filed and waived the ARB's determination of timeliness (*Id*). Defendants argue that the ARB consistently and correctly returned Kane's grievance without addressing it on the merits as he did not timely and properly exhaust his grievance (*Id.*).

While the ARB later rejected Kane's first grievance on timeliness grounds, the ARB's decision to do so ignores the fact that the discretion to decide an untimely filed grievance on the merits lies with the grievance officer. *See* 20 ILL. ADMIN. CODE § 504.810(a)("[I]f an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered."); *Spraggins v. Baker,* 2015 WL 558293 at *3 (C.D. Ill. 2015) (the court accepted the untimeliness delay for good cause since the grievance officer addressed the prisoner's grievance on the merits, and not on procedural grounds). While the direct appeal to the ARB was a mistake by Kane, the grievance officer did not reject Kane's grievance on procedural grounds, therefore accepting the untimeliness delay for good cause.

Further, as the Seventh Circuit Court of Appeals has held:

> [a] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming. *Conyers*, 416 F.3d at 585. Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense. *See id.; see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)

*Maddox v. Love,* 655 F.3d 709, 721-22 (7th Cir. 2011). So, when a grievance officer addresses the grievance based on the merits, rather than procedural grounds, the ARB cannot later examine the grievance based on procedural grounds and cure the error. This follows this Court's decision in *Ford v. Wexford Health Sources,* which concluded that because the grievance officer denied a prisoner's grievances on the merits, the defendant could not assert that the prisoner failed to exhaust his administrative remedies because the ARB

rejected the grievances as untimely. 2014 WL 685841 at *5 (S.D. Ill. 2014). After all, the primary purpose of a grievance is to alert prison officials to a problem. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Defendants Pickett, Santos, and Schukar were put on sufficient notice of Kane's claims which satisfies the purpose of the exhaustion requirement under the PLRA. They had an opportunity to address Kane's issue and they did, in fact, address the issue when the counselor, grievance officer, and CAO denied Kane's grievance on the merits. As a result, the Court finds Kane exhausted his administrative remedies.

Defendants have found no case law to support their argument. Instead, Defendants cite *Pozo*, 286 F.3d at 1025, to contend that the ARB has final authority to reject a grievance for being untimely without further justification (Doc. 77, p. 5). But the facts in *Pozo* do not square with the facts in this case. In *Pozo,* the ARB denied the prisoner's appeal based on untimeliness because the appeal was over a year after the deadline. *Id.* There, however, the prisoner had filed a timely and sufficient complaint, and the counselor and grievance officer did not have an option to reject the grievance based on timeliness when they received it. *Id.* It wasn't until the prisoner's appeal to the ARB that timeliness became an issue, thus it was left to the ABR to decide based on that procedural ground. *Id.* In contrast, here, the ball was in the grievance officer's court to reject Kane's grievance on untimeliness grounds instead of the merits, and the officer blindly missed.[2]

---

[2] The January 4, 2016 grievance was not filed within the 60-day time period allotted under 20 Ill. Admin. Code § 504.810(a). But since the Court finds Kane fully exhausted his administrative remedies through his first grievance, the Court adopts Judge Sison's recommendation not to consider whether the January 4, 2016 grievance was fully exhausted (Doc. 76, p. 9).

Additionally, the Court adopts Judge Sison's recommendation to grant Krebs's MSJ. The grievance form must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the *name of each person who is involved in the complaint.*" 20 ILL. ADMIN. CODE § 504.810(c). Neither grievance mentioned Krebs by name or by position. There is no information in the grievances that offered the opportunity for any official to address Kane's complaints against Krebs administratively prior to Kane filing suit. Therefore, Kane did not fully exhaust his administrative remedies regarding claims against Krebs.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Sison's Report and Recommendation (Doc. 76). The Motion for Summary Judgment filed by Defendants Venerio Santos, Rebecca Jo Pickett, and Lisa Schukar (Doc. 55) is **DENIED**, and the Motion for Summary Judgment filed by Defendant Lisa Krebs (Doc. 58) is **GRANTED in part** as to the identification of Krebs and **DENIED in part** as to the timeliness issue. Defendant Krebs is **DISMISSED with prejudice** from this action. Furthermore, Plaintiff Adam R. Kane's Motion for Status (Doc. 79) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: February 28, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**